UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-25303-CIV-MORENO

ISAAC DANIEL LOPEZ-VALLE,

    Petitioner,

vs.

WILLIAM BARR, United States Attorney General,

    Respondent.
_____/

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

THIS CAUSE came before the Court upon Petitioner's Emergency Motion for a Stay of Removal. THE COURT has considered the motion, the response in opposition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the emergency motion is DISMISSED for mootness. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, Petitioner seeks a stay of removal so that he can pursue an appeal and file a U-Visa application. On January 13, 2020, however, Petitioner was removed from the United States pursuant to a Warrant of Removal/Deportation. *See* Exhibit 1 to Government's Response. Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336. *See also Soliman v.*

*INS*, 296 F.3d 1237, 1243-44 (11th Cir. 2002) (holding that an alien's removal from the United States pursuant to a final order of removal rendered the alien's habeas corpus challenge to his indefinite detention by immigration authorities moot because "there is nothing for us to remedy, even if we were disposed to do so." (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)).

Furthermore, this Court lacks jurisdiction under federal law to consider an appeal of the final removal order. By seeking a stay of his removal, Petitioner is challenging the lawfulness and enforcement of the removal order. The Immigration and Nationality Act was amended in 2005 to limit the jurisdiction of United States District Courts to review orders of removal. The act now specifically provides that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal.*" 8 U.S.C. § 1252(a)(5) (emphasis added). *See also Diaz Del Cid v. Barr*, 394 F. Supp. 3d 1342, 1345-46 (S.D. Fla. 2019) (similar); *Majano Garcia v. Martin*, 379 F. Supp. 3d 1301, 1304-06 (S.D. Fla. 2018) (similar).

Another provision of the act also demonstrates that jurisdiction to review challenges to removal orders is reserved solely for the appropriate United States Court of Appeals. *See* 8 U.S.C. § 1252(b)(2) ("*The petition for review shall be filed with the court of appeals* for the judicial circuit in which the immigration judge completed the proceedings.") (emphasis added).

Accordingly, because the case is moot as Petitioner has been removed, and this Court lacks jurisdiction under federal law to consider any appeal of the removal order, the case is DISMISSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th of January 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record